■ RAYMOND GIBSON, an Infant, by His Guardian ad Litem, EDWIN W. GIBSON, et al., Respondents, v. TEAGUE FOSTER, an Infant, et al., Appellants.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order granting the motion of appellant Teague Foster, an infant, for reargument and on reargument adhering to the original determination denying the said appellant's motion to vacate the alleged service of process upon him and to vacate the appointment of a guardian ad litem for him. It appears that the guardian was appointed on April 27, 1958, that thereafter the original motion to vacate the service of process and to vacate the appointment of the guardian was made by the infant appellant appearing specially, and personally through his own attorneys, and that the motion for reargument was likewise made. Order modified by striking

therefrom everything following the words "motion is" in the second ordering paragraph and by substituting therefor the words "dismissed, without prejudice to a renewal thereof upon the appointment of another guardian ad litem for said infant." As so modified, order affirmed, without costs. The infant has no standing personally to appear in the action or to make any motion, even though he is over the age of 14 years and even though one of the purposes of his motion was to attack the earlier appointment of the guardian made apparently on respondents' application. An infant can properly appear in an action only through a guardian ad litem appointed by the court (Civ. Prac. Act, § 202). Consequently, the infant appellant or any other party to the action (Civ. Prac. Act, § 203) should first have applied for and obtained the appointment of another guardian ad litem for the purpose of making the motion to attack the service of process and the validity of the appointment of the first guardian. In the absence of a guardian authorized to make such motion, both originally and on reargument, the Special Term's determination of the motion, insofar as it is adverse to the infant, is void (cf. Civ Prac. Act, § 109, subd. 7). Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ. concur; Murphy, J., deceased.